```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

James P. Hart

    v.                              Civil No. 05-cv-148-JD

Performance Marketing, Inc.

O R D E R

James P. Hart brought suit in state court, alleging that his former employer, Performance Marketing, Inc., breached his employment contract or, alternatively, wrongfully discharged him because he reported a work accident to the Occupational Safety and Health Administration and to the Lebanon police. Performance Marketing, Inc., removed the case to this court, asserting subject matter jurisdiction based on a federal question. Hart sought remand on the grounds that he had not alleged a federal claim and that the amount in controversy was less than $75,000. Performance objected to remand, asserting that Hart's claims were based on a federal question because he alleges that he was discharged after filing an Occupational Health and Safety Act ("OSHA") complaint.

The magistrate judge denied Hart's motion to remand on the grounds stated by Performance. Hart objects to the magistrate judge's decision denying remand. Performance responds to Hart's objection, again asserting that Hart alleges a whistleblower

claim derived from OSHA.

Contrary to Performance's argument and the magistrate judge's ruling, it appears that Hart has not stated a federal claim. In McElroy v. SOS Int'l, Inc., 730 F. Supp. 803 (N.D. Ill. 1989), relied upon by Performance, the court concluded the plaintiff stated a federal claim because he relied exclusively on OSHA without making any reference to state law. In this case, Hart's wrongful discharge claim and his breach of contract claim arise under New Hampshire law. Although he references OSHA in his declaration, he does not assert a claim under OSHA. See, e.g., Sandoval v. N.M. Tech. Group, 174 F. Supp. 2d 1224, 1233 (D.N.M. 2001); Kozar v. AT&T, 923 F. Supp. 67, 70 (D.N.J. 1996). Therefore, subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

In reviewing the declaration, however, the court noted that Hart is a Vermont resident while Performance is located in New Hampshire. Therefore, if the parties are citizens of different states, as it appears, and the amount in controversy equals or exceeds $75,000, subject matter jurisdiction may exist under 28 U.S.C. § 1332. Hart asserts that the amount in controversy requirement is not met in this case. The party seeking removal, Performance in this case, bears the burden of showing that subject matter jurisdiction exists. Rossello-Gonzalez v.

Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2005); Warner v. Atkinson Freight Lines Corp., 350 F. Supp. 2d 108, 114 (D. Me. 2004); Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 219-20 (D.N.H. 2004).  A question remains as to whether subject matter jurisdiction exists or whether the case must be remanded to state court.

## Conclusion

For the foregoing reasons, the magistrate judge's decision denying the plaintiff's motion to remand (document no. 5) is vacated.  The defendant shall file a memorandum on or before **June 24, 2005,** in support of its assertion of subject matter jurisdiction.  The plaintiff will then have ten days to file a response.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

June 3, 2005

cc:  K. William Clauson, Esquire
     Debra Weiss Ford, Esquire